1
2
3
4
5
6
7
8                     UNITED STATES DISTRICT COURT

9               FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   UNITED STATES OF AMERICA,              No.  2:24-cr-00096-DAD

12                    Plaintiff,

13          v.                              ORDER DENYING DEFENDANT'S
                                            MOTION TO DISMISS INDICTMENT
14   CARLOS SAMIR COLINDREZ-ERAZO,          AS MOOT

15                    Defendant.            (Doc. No. 46)

16

17

18          This matter came before the court on November 17, 2025 for hearing on a motion to

19   dismiss indictment for violation of the Sixth Amendment brought on behalf of defendant.  (Doc.

20   No. 46.)  For the reasons explained below, the court will deny defendant's motion as having been

21   rendered moot by the Continuing Resolution enacted on November 12, 2025, funding the

22   Criminal Justice Act ("CJA") thereby clearing the way for appointed panel attorneys and those

23   providing ancillary services to appointed counsel (paralegals, investigators, experts and

24   interpreters) to be paid the amounts withheld from them since late June as well for services

25   provided during the coming months.

26          On April 25, 2024, defendant was indicted of conspiracy to distribute and possess with

27   intent to distribute a controlled substance in violation of 21 U.S.C. §§ 846, 841(a)(1).  (Doc. No.

28   /////

                                            1

1.)  Attorney Jimenez was appointed pursuant to the CJA as counsel for defendant and continues
to represent defendant.

CJA funding ran out in July 2025, with some CJA counsel receiving their last regularly
scheduled payment in June 2025.  (Doc. No. 46 at 2–3.)  Attorney Jimenez has represented that he
"was assured that payments would resume once Congress passed a budget for Fiscal Year 2026."
(*Id.* at 2.)  Due to the lapse in funding until Congress's passage of the Continuing Resolution,
defendant's counsel was not paid during the period of that lapse in funding.  (*Id.*)

On October 23, 2025, defendant filed his motion to dismiss pursuant to Federal Rule of
Criminal Procedure 12(b).  (Doc. No. 46.)  On November 3, 2025, the government filed its
opposition to the motion.  (Doc. No. 47.)  On November 17, 2025, the court held a hearing on the
pending motion.  (Doc. No. 48.)

Federal Rule of Criminal Procedure 12(b)(1) provides that a "party may raise by pretrial
motion any defense, objection, or request that the court can determine without a trial on the
merits."  Fed. R. Crim. P. 12.  The court has "inherent supervisory powers to order dismissal of
prosecutions for only three legitimate reasons:  (1) to implement a remedy for the violation of a
recognized statutory or constitutional right; (2) to preserve judicial integrity by ensuring that a
conviction rests on appropriate considerations validly before a jury; and (3) to deter future illegal
conduct."  *United States v. Matta-Ballesteros*, 71 F.3d 754, 763 (9th Cir. 1995).

The court need not, and therefore does not at this time, decide the question of whether a
Sixth Amendment violation has occurred in this case.  This is because the resumption of CJA
funding has ended any such violation.  Certainly, there now exists persuasive authority that the
prolonged refusal to appropriate CJA funds for defense counsel as well as those providers
working on behalf of appointed counsel constitutes a violation of the Sixth Amendment.  *United
States v. Evanovich*, No. 2:24-cr-00079-DJC, 2025 WL 3208308, at *4 (E.D. Cal. Nov. 17, 2025)
("Having developed an elaborate system of paid, court-appointed representation, which is now
decades old and well-established, Congress cannot remove the funding aspect of the system and
still expect criminal defendants to receive adequate representation."); *see also United States v.
Ortiz*, — F. Supp. 3d —, 2025 WL 3157821, at *3 (E.D. Cal. Nov. 12, 2025) ("Here, Congress's

1  prolonged failure to provide funding for defense counsel violates Defendant's fundamental

2  constitutional right.");[1] *but see United States v. Vasquez*, No. 2:25-cr-00135-WBS, 2025 WL

3  2961906, at *1–2 (E.D. Cal. Oct. 20, 2025) (finding that, because court-appointed counsel do not

4  have a personal right under the Sixth Amendment to compensation, the defendant also did not

5  have a constitutional right to compensated counsel); *United States v. Phill*, No. 2:25-cr-00162-

6  DC, 2025 WL 3251317, at *4–5 (E.D. Cal. Nov. 21, 2025) (finding no Sixth Amendment

7  violation based exclusively on ineffective assistance of counsel grounds where no trial date had

8  been set and defendant's counsel represented to the court that they had continued to provide

9  effective assistance during the lapse in funding).  Nonetheless, the lapse in appropriations has

10  now ended (at least for the time being) and it would be purely speculative for the court to find that

11  a similar sustained lapse in appropriations is likely to recur in the future.  In this regard, the court

12  finds the following reasoning to be instructive:

> Passing the possibly difficult conceptual question of whether the appeal has been mooted in constitutional case or controversy terms, we conclude that, in any event, we should treat it as moot for prudential reasons.  These have to do both with our inability to give an effective remedy under the circumstances now developed and with the imprudence of deciding on the merits a difficult and sensitive constitutional issue whose essence has been at least substantially altered by supervening events; [and] which is not likely to recur in its original form in respect of these appellees[.]

18  *United States v. (Under Seal)*, 757 F.2d 600, 603 (4th Cir. 1985) (internal citation omitted).  In

19  short, dismissal of the indictment in this case is not called for because there is no ongoing lapse in

20  appropriations.

---

[1]  The court notes that, in both of these cases, trial dates had been set and were fast approaching. *See Evanovich*, 2025 WL 3208308, at *4 (February 23, 2026 trial date scheduled); *Ortiz*, 2025 WL 3157821, at *3 (January 26, 2026 trial date scheduled).  Notably, no trial date has been set in this case.  Indeed, the setting of a trial date has been continued at the request of defense counsel based upon the stated need for additional time to prepare.  Of course, the court will continue to provide defense counsel adequate time in which to prepare if appropriate in light of the showing counsel is able to make in a particular case.  See *United States v. Miller*, No. 2:23-cr-00150-DJC, 2025 WL 3251315, at *1 (E.D. Cal. Nov. 21, 2025) ("[T]he least intrusive available remedial action is for the Court to grant Defendants whatever continuance Counsel needs to provide Defendants with adequate representation."); *United States v. Butler*, No. 2:20-cr-00182-DJC, 2025 WL 3251340, at *1 (E.D. Cal. Nov. 21, 2025) (same); *United States v. Alonso-Medina*, No. 2:25-cr-00061-DJC, 2025 WL 3251341, at *1 (E.D. Cal. Nov. 21, 2025) (same).

1    Defendant alternatively requests his immediate release in this case on conditions, arguing

2    that the lapse in appropriations constitutes a compelling reason for their release under 18 U.S.C. §

3    3142(i).  (Doc. No. 46 at 7.)  The court is unaware of any authority to support this contention and

4    defendant has not cited any.  Moreover, the undersigned observes that courts found that delayed

5    access to counsel due to the COVID-19 pandemic did not necessarily constitute extraordinary

6    reasons compelling temporary release of defendants.  *See, e.g., United States v. Terrone*, 454 F.

7    Supp. 3d 1009, 1026–27 (D. Nev. 2020) (finding that although the limitations placed on the

8    defendant's ability to communicate with counsel during the pandemic were regrettable, they did

9    not mandate a defendant's temporary release); *United States v. Villegas*, 587 F. Supp. 3d 1010,

10   1013 (C.D. Cal. 2020) (same); *United States v. Peralta*, No. 19-cr-00818-PGG, 2020 WL

11   2527355, at *4 (S.D.N.Y. May 18, 2020) ("As to Peralta's arguments about access to counsel,

12   these concerns, while legitimate, do not justify his release.").  Similarly, here, defendant's counsel

13   has represented that throughout the lapse in appropriations he remained in contact with his client

14   and performed work on this case to the best of his abilities.  The court does not decide whether an

15   ongoing denial of access to counsel as a result of the lack of appropriations resulting in appointed

16   defense counsel not being paid for an extended period of time would constitute an extraordinary

17   circumstance under § 3142(i).  Instead, the court finds only that the enactment of the Continuing

18   Resolution and the resumption of CJA funding has removed any such extraordinary circumstance

19   in this case at this time.

20   For the reasons explained above, the court finds that even if a violation of defendant's

21   Sixth Amendment rights occurred at some point between late June and November 12, 2025, the

22   court is unable to fashion an effective remedy now because the purported constitutional violation

23   has ceased.  Therefore, the court DENIES defendant's motion to dismiss (Doc. No. 46) as having

24   /////

25   /////

26   /////

27   /////

28   /////

4

1   been rendered moot by the passage of the Continuing Resolution by Congress and its signing into

2   law.

3        IT IS SO ORDERED.

4   Dated:   __**November 25, 2025**__                    _____

5                                                         DALE A. DROZD

6                                                         UNITED STATES DISTRICT JUDGE